UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 1 8 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:24CR308 HEA** |
| v. ) | |
| ) | |
| RONALD SIMPSON, ) | |
| ) | |
| Defendant. ) | |

**INFORMATION**

The United States Attorney charges that:

**COUNT ONE**
**(Wire Fraud: 18 U.S.C. § 1343)**

At all times material to this Information, unless otherwise specified below:

**I.    Introduction**

1. Defendant **RONALD SIMPSON** ("Defendant") resided within the Eastern District of Missouri and worked as the Director of Information Technology ("IT") at a local university located in the Eastern District of Missouri (the "University").

2. As part of his job at the University, the Defendant was responsible for repairing and replacing defective IT equipment at the University's locations. To accomplish these tasks, the Defendant could request permission from authorized University officials to purchase replacement IT equipment. To make a valid IT equipment purchase request, the Defendant had to represent to University officials that the requested IT equipment would be used or installed at University locations. The Defendant was not authorized to use University dollars to purchase IT equipment and then sell the IT equipment to enrich himself.

1

3. The University regularly used and ordered IT equipment that was manufactured by C.S.I., a company that manufactures, sells, and supports computer networking equipment on a global scale. Under the contractual arrangement between C.S.I. and the University, C.S.I. would send the University replacement IT equipment if two conditions were met: **(1)** if the University truthfully represented that the IT equipment in need of replacement was defective, and **(2)** if the University truthfully promised to subsequently return the defective IT equipment to C.S.I.

**II.**     **The Scheme to Defraud**

4. Beginning by at least on or about November 29, 2018, and continuing through at least on or about December 1, 2023, in the Eastern District of Missouri, the Defendant, **RONALD SIMPSON**, with the intent to defraud, devised and intended to devise a scheme and artifice to defraud the University and C.S.I. and to obtain money and property from the University and C.S.I. by means of material false and fraudulent pretenses, representations, and promises, as described further herein.

5. As part of the scheme and artifice to defraud the University and C.S.I. and to obtain money and property from the University and C.S.I. by means of material false and fraudulent pretenses, representations, and promises, the Defendant took the following actions:

**A.     The Defendant misappropriated over a million dollars from the University by selling the University's IT equipment that he promised to use or install at University locations.**

6. During his tenure as the University's Director of IT, the Defendant submitted requests to University officials to purchase hundreds of items of IT equipment. Each of those purchase requests was sent by the Defendant from the Eastern District of Missouri and traveled via interstate wire communication to reach the authorized University officials. In each of those purchase requests, the Defendant falsely represented that the requested IT equipment would be

2

used or installed at University locations. After receiving approval from authorized University officials to purchase the requested IT equipment, the Defendant used University funds to purchase hundreds of items of IT equipment that the Defendant never intended to use or install at University locations.

7.     Instead of installing or using the purchased IT equipment at University locations—as he promised—the Defendant sold the University's IT equipment to a third party vendor without authorization or approval from the University. When the Defendant sold the University's IT equipment to a third party vendor, he received electronic payments into his personal bank account via interstate money wirings.

8.     In total, the University spent at least one million dollars on IT equipment based on the Defendant's material misrepresentation that the Defendant's requested IT equipment would be used or installed at University locations. Instead of using or installing the IT equipment at University locations, the Defendant sold the IT equipment to enrich himself.

**B.     In addition to stealing from the University, the Defendant also fraudulently obtained 56 items of IT equipment from C.S.I.—which he later sold to enrich himself—by falsely claiming that the University's IT equipment was defective.**

9.     On dozens of occasions during his tenure as the University's Director of IT, the Defendant fraudulently represented to C.S.I. that the University's IT equipment (which was manufactured by C.S.I.) was defective. The defendant made these fraudulent, material misrepresentations in order to obtain from C.S.I. replacement IT equipment.

10.    To initiate his fraudulent requests for replacement IT equipment, the Defendant sent interstate, electronic messages to C.S.I., all of which were connected to the Defendant's University email account. In each of the Defendant's requests for replacement IT equipment to C.S.I., the Defendant made at least two material misrepresentations: **(1)** that University IT equipment was

defective, and **(2)** that he would return the purportedly defective IT equipment to C.S.I. In truth and fact—as the Defendant well knew—there was no defective IT equipment and he would not, and did not, return any of the equipment to C.S.I.

11. Instead of returning the purportedly defective IT equipment to C.S.I., the Defendant sold the IT equipment that he falsely claimed was defective to a third party vendor. In addition, the Defendant also sold the replacement IT equipment provided to him by C.S.I. to a third party vendor.

12. In total, C.S.I. sent the Defendant $780,233 worth of replacement IT equipment based on the Defendant's material misrepresentations that the University's IT equipment was defective and that he would return the purportedly defective IT equipment to C.S.I.

13. In all, the third party vendor paid the Defendant $2,188,704.20 for IT equipment that the Defendant took from the University and from C.S.I. through material misrepresentations.

### III. Wire Transmission

14. Each of the allegations included in this Information is hereby incorporated by reference as if fully set forth herein.

15. On or about July 5, 2023, within the Eastern District of Missouri, and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**RONALD SIMPSON,**

the defendant herein, did knowingly cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, or sounds, to wit an

interstate electronic message that the Defendant sent to University officials requesting authority to purchase $199,695 worth of IT equipment.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

13. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Count One, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

14. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

SAYLER A. FLEMING
United States Attorney


*/s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney

5

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| EASTERN DIVISION | ) |
| EASTERN DISTRICT OF MISSOURI | ) |

I, Derek J. Wiseman, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

/s/ Derek J. Wiseman
DEREK J. WISEMAN #67257MO

Subscribed and sworn to before me this 18th day of May, 2024.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK